### JOSEPH PERKINS *vs.* WALTER B. KNIGHT.

Where after a cause had been opened to the jury, one of the parties made to a juror out of court statements favorable to his own side of the cause, and the jury afterwards returned a verdict in his favor, a new trial was granted.

TRESPASS for taking a horse, which had been taken by the defendant, a deputy sheriff, upon an execution against one *Ephraim Plumer,* as *Plumer's* property ; and the question was, whether the plaintiff had *bona fide* purchased the horse of *Plumer* before the taking by the defendant. The cause was tried here at February term, 1822, and was opened to the jury and part of the evidence laid before them in the forenoon of the day of trial ; the court then adjourned, and the cause was finished in the afternoon, and the jury, having returned a verdict for the plaintiff, the defendant moved for

a new trial on the ground, that the plaintiff had misbehaved with one of the jury while the cause was before them.

It appeared from the affidavits read by the defendant, that between the sittings of the court, on the day of the trial, the plaintiff entered into a conversation with one of the jury respecting the cause, and told the juror, "that he purchased " the horse as fairly as he ever purchased any thing in his " life; that the taking the horse was of great damage to him, " for he could have turned him towards land for sixty dollars."

*Eastman*, for plaintiff.

*Woodman*, for defendant.

*By the court.* Nothing can be clearer, than that there ought to be a new trial in this case. The authorities are decisive. *Com. Di.* "*Pleader*," S. 45, 46.—2 *Roll. Ab.* 716,—*Trial per pais*, 315.—1 *Gall.* 364.

It would be exceedingly mischievous, if we were to give any sanction whatever to any tampering with jurors. It is of the highest importance, that they should be preserved not only from all improper bias in causes, but even from the suspicion of improper bias.

*New trial granted.*